J-S76014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| AARON CHRISTOPHER WHEELER | | |
| Appellant | | No. 273 EDA 2017 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0118351-1992

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 18, 2018**

Aaron Wheeler appeals *pro se* from the order dismissing his fifth petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. Wheeler's sprawling appellate brief identifies no less than seven issues he wishes to argue in this Court. After careful review, none of Wheeler's assertions are capable of establishing the applicability of any valid exceptions to the PCRA's time-bar provisions. Thus, we affirm.

After a bench trial, the court found Wheeler guilty on various charges arising from his participation in the robbery of a convenience store during which the store clerk was shot four times. The court imposed an aggregate

_____

* Retired Senior Judge assigned to the Superior Court.

sentence of imprisonment of 27½ to 55 years, to be served consecutively to lifetime sentences imposed for other violent armed robberies.

In his current PCRA petition, and his various amendments,[1] Wheeler seeks a cornucopia of remedies, from "correction" of the criminal complaint to a reconsideration of issues raised in his previous PCRA petitions. Ultimately, however, all of his claims are centered on his belief that he was wrongfully convicted of being involved in the robbery. ***See***, ***e.g.***, Appellant's Brief, at 2.

The PCRA court found that Wheeler had failed to establish any exception to the PCRA's time-bar provisions. Thus, it dismissed Wheeler's facially untimely petition. This timely appeal followed.

We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005).

The timeliness of a PCRA petition is jurisdictional. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges,

_____

[1] Wheeler titled these documents in various ways, including "motion to correct official version," and "petition for writ of habeas corpus." Despite Wheeler's arguments to the contrary, the PCRA court correctly determined these documents sought relief cognizable under the PCRA. Thus, the PCRA court did not err in treating the documents as amendments to his pending PCRA petition. ***See*** 42 Pa.C.S.A. § 9542.

and the petitioner proves, an exception to the timeliness requirement. *See* § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory "exceptions must be filed within sixty days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Wheeler's fifth petition is clearly facially untimely, as his third petition was dismissed on timeliness grounds. *See Commonwealth v. Wheeler*, 468 EDA 2010 (Pa. Super., filed 3/21/11) (unpublished memorandum). He does not argue otherwise in his brief. *See* Appellant's Brief, at 12.

The argument section of Wheeler's brief verges on incoherent. To the best of our ability to decipher his claims, we recognize three arguable bases for the application of a timeliness exception. To the extent Wheeler sought to raise any issue not addressed here, we conclude such issue is waived for failure to coherently raise it on appeal.

First, Wheeler argues that *Lafler v. Cooper*, 566 U.S. 156 (2012), recognized a new Constitutional right and therefore qualifies for the newly-recognized right exception set forth in § 9545(b)(1)(iii). However, neither *Lafler*, nor the related opinion in *Missouri v. Frye*, 566 U.S. 133 (2012), are capable of supporting the application of the newly-recognized right exception to the time bar. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa. Super. 2013). Thus, the PCRA court did not err in refusing to apply this exception.

Next, Wheeler argues that he recently discovered the trial court lacked jurisdiction to convict him. Wheeler's claim is based upon his belief that he was never given notice of the charges against him before he went to trial. However, even accepting Wheeler's legal arguments at face value, his own petition defeats this assertion. Attached as exhibit A to his petition is the criminal complaint for this action. At the bottom of the complaint is Wheeler's signature, acknowledging that the complaint had been read and explained to him, and consenting to be bound over to the Court of Common Pleas. Thus, Wheeler was provided with notice of the charges against him prior to trial.

Furthermore, Wheeler claims he is entitled to re-sentencing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional). However, he concedes he was 22 years old at the time of the crime. *See* Appellant's Brief, at 1. Our Court has held that because the decision in *Miller* is limited to juvenile offenders, a petitioner who was not a juvenile at the time of his crime cannot invoke the case to meet an exception to the PCRA time-bar. *See*, *e.g.*, *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016); *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). It is also worth noting that the sentences at issue here were not life sentences, and thus *Miller* is simply inapplicable in any event. Therefore, the PCRA court did not err in concluding this claim did not establish a timeliness exception.

As we conclude none of Wheeler's issues on appeal merit relief, we affirm the order dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/18